GOVERNMENT OF GUAM,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 83–2237.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 30, 1984.

Decided Oct. 4, 1984.

Howard Trapp, Agana, Guam, Arnold H. Leibowitz, Washington, D.C., for plaintiff-appellant.

David C. Shilton, Dirk D. Snel, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before CHOY, GOODWIN, and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

The Government of Guam brought suit against the United States to establish the ownership of certain tracts of land situated in Guam. We affirm the district court's determination that the action is barred by the statute of limitations.

Though we do not reach the merits of the case, certain undisputed facts must be recited as a preface to our explanation of the statute of limitations here. Guam was ceded to the United States by Spain at the end of the Spanish-American War, and was placed under the administration of the Department of the Navy. The island was governed by the Navy through the Naval Government of Guam. In 1950 civil government was established with the passage of the Organic Act of Guam, ch. 512, 64 Stat. 384 (1950) (codified as amended at 48 U.S.C. §§ 1421–1424c). Section 28(a) of the Organic Act, 48 U.S.C. § 1421f(a), directed the United States to transfer to the new Government of Guam, within 90 days of enactment, all property owned by the United States and used by the Naval Government of Guam in the administration of the civil affairs of the inhabitants of Guam. Section 28(b), 48 U.S.C. § 1421f(b), provided that all other property owned by the United States in Guam, and not reserved by the President, was to be administered by the new Government of Guam. Property reserved by the President was to be retained and administered by the United States. 48 U.S.C. § 1421f(c). The Government of Guam now claims that certain lands which should have been transferred

to it under § 28(a) were unlawfully retained by the United States, allegedly pursuant to a reservation by the President under § 28(b).

The Naval Government of Guam executed a quitclaim deed on July 30, 1950, recorded August 4, 1950, transferring the majority of the lands now in dispute to the United States. By a later, separate quitclaim deed, the Naval Government of Guam pursuant to § 28(a) transferred a number of these lands to the Government of Guam, but reserved others, including those in dispute here. On October 31, 1950, the President issued Executive Order 10178, 15 Fed.Reg. 7313 (1950), *reprinted in* 48 U.S.C. § 1421f app. at 1358–59 (1976), reserving all of the lands in question to the United States, to be administered by the Secretary of the Navy. The Executive Order listed the various properties by acreage, common description, and in other particulars. The Executive Order also recited that it was being issued pursuant to § 28 of the Organic Act of Guam, and that these were the same parcels which had been quitclaimed by the Naval Government of Guam to the United States.

The newly formed Government of Guam consisted of an elected legislature and a Governor appointed by the President with the advice and consent of the Senate. Organic Act of Guam §§ 6, 10, 64 Stat. 386, 387 (1950) (current versions at 48 U.S.C. §§ 1422, 1423). Effective January 4, 1971, the Governorship of Guam became a popularly elected office. *See* Guam Elective Governor Act, Pub.L. 90–497 § 1, 82 Stat. 842 (Sept. 11, 1968) (codified at 48 U.S.C. § 1422).

In 1982 Howard Trapp, an attorney and a resident of Guam, filed an action on behalf of the Government of Guam claiming title to the disputed lands under the Quiet Title Act, 28 U.S.C. § 2409a. The suit alleged that the lands in question belonged to Guam, not the United States, title having been transferred by § 28(a) of the Organic Act, and the lands by their nature not being subject to § 28(b) reservation. The United States obtained summary judgment on the ground that Mr. Trapp lacked the capacity to sue on behalf of the Government of Guam, as he had not been appointed by the executive branch of Guam to represent Guam.

While that ruling was on appeal to this court, Mr. Trapp was appointed a Special Assistant Attorney General of Guam, and he filed the present complaint on behalf of Guam on January 12, 1983. The prior appeal was then dismissed by consent of the parties. *Guam v. United States*, No. 82–4509 (9th Cir. Jan. 18, 1982).

■ The district court granted the United States summary judgment in the present case, holding that Guam's action was barred by the twelve year statute of limitations embodied in the Quiet Title Act. 28 U.S.C. § 2409a(f). The ruling is correct.

■ The Quiet Title Act provides that actions to quiet title to property in which the United States claims an interest must be commenced within twelve years from the date on which the plaintiff or his predecessor in interest knew or should have known of the United States' claim. This provision is applicable to both private and governmental litigants. *Block v. North Dakota*, 461 U.S. 273, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983) (§ 2409a(f) applicable against states); *Nevada v. United States*, 731 F.2d 633 (9th Cir.1984).

Guam argues that it should not be subject to the statute of limitations *vis a vis* the United States because the United States maintains plenary power over the governance of the territory. *See Guam v. Okada*, 694 F.2d 565, 568 (9th Cir.1982). This argument might have had merit for the period before January 4, 1971. Until that date the chief executive officer of the Government of Guam, the Governor, was appointed by the President. The executive branch of the Government of Guam in that period might have been deemed under the control of the United States. If that were the case, it could be argued the executive would not be expected to sue the United States over title to the disputed lands. We need not reach this argument, however, for

even if the statute had been tolled until January 4, 1971, the present action is untimely.

Once the Governorship of Guam was made an elected office, the United States relinquished its control over the executive of the Government of Guam. The executive branch is responsible now to the people of Guam. That the Government of Guam is now capable of acting independently of the United States in deciding whether to sue the United States is evidenced by the institution of the present action. The Governor's office became an elected position on January 4, 1971. Since that date, the Government of Guam has had the capacity to institute an action against the United States. The present suit was filed on January 12, 1983, more than twelve years after January 4, 1971.

The Government of Guam is chargeable with knowledge of the United States' claims. The failure of the United States to convey the lands in question to Guam is inconsistent with the relinquishment of claims by the United States. As Guam recognized at oral argument, § 28 of the Organic Act was not self-executing but rather required affirmative action by the United States to be implemented. Section 28(a), for example, addressed property which *"shall be transferred* to the government of Guam *within ninety days."* 48 U.S.C. § 1421f(a) (emphasis added). These words contemplate further action by the executive branch of the United States.

Moreover, the actions the United States took to implement § 28 gave consistent notice that it was claiming an interest in properties. Executive Order 10178 stated that the lands in question were being reserved to the United States to be administered by the Secretary of Navy. Section 28 of the Organic Act was specifically cited. The parcels were identified. The Executive Order was published in the Federal Register and thus constituted formal notice to the world of the United States' claim. *See Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 384–85, 68 S.Ct. 1, 3–4, 92 L.Ed. 10 (1947). The Order has also been reprinted as a note following 48 U.S.C. § 1421f since 1952. The United States' claim was also evidenced by the July 30, 1950 quitclaim deed, registered in Guam and specifically referred to in the Executive Order. Finally, the lands in question were conspicuously absent from the deeds transferring other properties to the Government of Guam under § 28(a).

Guam contends that these actions were insufficient to provide notice of the United States' claims because they were substantively ineffective. This confuses the merits of Guam's claim with the notice necessary to invoke the statute of limitations. "[T]he crucial issue in [the] statute of limitations inquiry is whether [the plaintiff] had notice of the federal claim, not whether the claim itself is valid." *Nevada v. United States,* 731 F.2d at 635. The merit of a claim is irrelevant to operation of the bar of a statute of limitations.

Whatever the merits of Guam's claims, the Government of Guam had notice of the United States' claims and the ability to make the independent judgment to institute suit more than twelve years prior to the filing of this action. The statute of limitations bars Guam's action, and summary judgment was properly granted to the United States.

AFFIRMED.