Segundo A. UNPINGCO; Pacific Equity and Capital Enterprises, Inc., Plaintiffs–Appellants,

v.

HONG KONG MACAU CORP.; Northern Development Corp.; Baba Corp.; Jesus U. Torres; Paul Bordallo, Defendants–Appellees.

No. 90–15725.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 1991.*

Decided June 7, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

S. "Cy" Unpingco, Pacific Lawyers Group, San Jose, Cal., for plaintiffs-appellants.

Joaquin C. Arriola, Arriola, Cowan & Bordallo, Agana, Guam, for defendants-appellees.

Before SCHROEDER, FLETCHER and FERGUSON, Circuit Judges.

FLETCHER, Circuit Judge:

Plaintiffs appeal the decision of the Appellate Division of the United States District Court for the Territory of Guam affirming the Guam Superior Court's grant of summary judgment in favor of the defendants. We affirm.

## FACTS

On October 15, 1962, Jose and Vicenta Unpingco, as lessors, executed a lease to defendant/appellee Paul Bordallo, as lessee, for seven and one-half acres of real property in Guam. Their agreement provided for a lease of 99 years at a rent of $200 per month. The Unpingcos' nephew, defendant/appellee Jesus Torres, served as the Unpingcos' attorney in the transaction and drafted the lease agreement.

In 1978, the Unpingcos' son, plaintiff/appellant Segundo Aguon Unpingco, obtained by quitclaim deed all right, title, and interest in the property. In 1988 Segundo transferred 45% of his interest in the property to his children, who then assigned that interest to plaintiff/appellant Pacific Equity and Capital Enterprise, Inc. Meanwhile, in 1986, Bordallo assigned his interest in the lease to defendant/appellee Northern Development, Inc., which in turn assigned the interest to defendant/appellee Baba Corporation in 1988.

On January 31, 1989, plaintiffs filed a complaint in the Superior Court of Guam, seeking compensatory and punitive damages, rescission and/or reformation of the lease, and declaratory relief. The first (and final) amended complaint, filed April 6, 1989, alleged eleven causes of action, including, *inter alia*, fraud, unconscionability, breach of implied covenant of good faith and fair dealing, intentional and negligent misrepresentation, suppression of fact, and conspiracy. In essence, plaintiffs claimed that Bordallo and Torres had engaged in fraudulent conduct, and that Torres had breached his fiduciary duties as the Unpingcos' attorney, in securing a lease unconscionably favorable to Bordallo.

On May 8, 1989, defendants moved for summary judgment on the grounds of res judicata, laches, and statute of limitations. On June 21 the Superior Court granted the motion on all three grounds. Plaintiffs timely appealed to the Appellate Division of the United States District Court for the Territory of Guam, pursuant to 48 U.S.C. § 1424-3(a) & (b) (1988). The Appellate Division affirmed. We have jurisdiction over plaintiffs' timely appeal from the Appellate Division pursuant to 48 U.S.C. § 1424-3(c) (1988). We review the legal determinations of the Appellate Division de

novo. *People of Territory of Guam v. Yang*, 850 F.2d 507, 511 (9th Cir.1988) (en banc).

## DISCUSSION

 Guam R.Civ.P. 56, which is substantially identical to Fed.R.Civ.P. 56, governed defendants' motion for summary judgment. Where a Guam rule of civil procedure tracks a federal rule of civil procedure, we look to relevant Ninth Circuit law on the latter in interpreting the former. *de Vera v. Blaz*, 851 F.2d 294, 296 (9th Cir.1988). We review a grant of summary judgment de novo. *Tzung v. State Farm Fire and Cas. Co.*, 873 F.2d 1338, 1339 (9th Cir. 1989). We must determine whether, considering the evidence in the light most favorable to plaintiffs, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.* at 1339–40.

 We agree with the Superior Court of Guam that defendants were entitled to summary judgment because the action was barred by the statute of limitations.[1] *See Government of Guam v. United States*, 744 F.2d 699, 700 (9th Cir.1984) (recognizing appropriateness of granting summary judgment on basis of statute of limitations). Guam's statute of limitations for actions upon written contracts and instruments is four years. Guam Civ.Proc.Code § 337(1). Where an action seeks relief on the ground of fraud or mistake, the statute of limitations is three years, though the cause of action does not accrue "until the discovery by the aggrieved party of the facts constituting the fraud or mistake." Gaum Civ.Proc.Code § 338(4). Because both of these statutes were adopted from corresponding California statutes of limitations, *see* Cal.Civ.Proc.Code § 337(1) &

338(d), we rely on California law in interpreting them. *See Yang*, 850 F.2d at 513.

 The statute of limitations period for fraud begins to run "when the plaintiff discovers he has a cause of action or, through the use of reasonable diligence, should have discovered it." *Bennett v. Hibernia Bank*, 305 P.2d 20, 32, 47 Cal.2d 540 (1957); *see also Sun 'N Sand, Inc. v. United Cal. Bank*, 582 P.2d 920, 941, 148 Cal. Rptr. 329, 340, 21 Cal.3d 671 (1978). In order to excuse a failure to discover a fraud within the three-year period, a plaintiff must demonstrate "that he was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Hobart v. Hobart Estate Co.*, 159 P.2d 958, 972, 26 Cal.2d 412 (1945); *see also Sun 'N Sand*, 582 P.2d at 941, 148 Cal.Rptr. at 340. However, where a fiduciary relationship exists, "facts which would ordinarily require investigation may not excite suspicion, and ... the same degree of diligence is not required." *Dabney v. Philleo*, 237 P.2d 648, 652, 38 Cal.2d 60 (1951) (quoting *Hobart*, 159 P.2d 958, 26 Cal.2d at 438, 440); *see also United States Liability Ins. Co. v. Haidinger–Hayes, Inc.*, 463 P.2d 770, 777, 83 Cal.Rptr. 418, 425, 1 Cal.3d 586 (1970) ("Where a fiduciary relationship exists the usual duty of diligence to discover facts does not exist.").

In their motion for summary judgment, defendants argued that any applicable statute of limitations had long since run, since the alleged fraud occurred in 1962. In response, plaintiffs claimed that it was not until 1988 that Segundo Unpingco discovered the facts constituting the fraud. According to the complaint and the affidavit of Segundo Unpingco, Jose and Vicenta Unpingco were handicapped by poor education and limited English skills. They did not realize that they were being defrauded

---

1. We therefore do not reach the issues of res judicata and laches. We also do not rely on the conclusion of the Appellate Division that plaintiffs failed to present a genuine issue of material fact in support of their claims. We do not suggest, however, that plaintiffs have stated a claim. Neither the complaint nor the affidavit cites any first-hand knowledge of fraud or misrepresentation in the 1962 lease transaction.

No one with personal knowledge of the transaction has stepped forward to present specific facts in support of the plaintiffs. Rather, plaintiffs suggest that fraud and breach of fiduciary duty should be inferred from the superior educational backgrounds of Bordallo and Torres and from the Unpingcos' purported reliance on them. For the requirements of a claim alleging fraud, see Guam R.Civ.P. 9(b).

because they were relying on the good faith of Torres, their nephew and lawyer, and Bordallo, a well-educated and socially prominent citizen of Guam. Because of their handicaps and reliance on Torres and Bardallo, plaintiffs claim, the Unpingcos lacked sufficient knowledge to put them on notice of any fraud. Plaintiffs also argue that the Unpingcos did not have a duty of diligence to inquire into the possibility of fraud because of the fiduciary relationship between them and Torres. Segundo Unpingco, himself, avers that he did not discover anything to put him on notice until 1988.

Even if we were to accept for the sake of argument that the Unpingcos' handicaps, their reliance on Torres and Bordallo, and their fiduciary relationship with Torres excused their failure to inquire into and act on the alleged fraud, Segundo Unpingco himself cannot rely on these grounds. He does not share their educational disadvantages and English deficiencies, he did not personally rely on Torres and Bordallo, and he has no fiduciary relationship with Torres.

More importantly, plaintiffs have failed to explain what it is that Segundo Unpingco discovered in 1988 that finally put him on notice of the alleged fraud. Segundo does not contend that his parents' handicaps and disadvantages and their reliance on Torres and Bordallo were hidden from him before 1988, nor can he argue that the allegedly unconscionable provisions of the lease were concealed from him until that year. Ten years earlier, in 1978, he received fee title to the property and an assignment of the lessor's interest in the lease; at that point he certainly had presumptive knowledge of the lease's provisions sufficient to put him on inquiry. *See Sun 'N Sand,* 582 P.2d at 941, 148 Cal. Rptr. at 340. Indeed, plaintiffs hardly can maintain that Segundo lacked actual knowledge of the lease's contents, considering that he and his father were engaged in litigation with Bordallo in 1978 and 1979 concerning Bordallo's alleged breach of the lease agreement—litigation that culminated in a stipulated dismissal reinstating the lease "in full force and effect." Plaintiffs

simply have failed to present, either in their complaint or in Segundo's affidavit, any facts supporting their contention that the facts constituting the fraud were concealed until 1988, and they similarly have failed to explain what happened in 1988 that finally put them on notice.

Once defendants moved for summary judgment based on the statute of limitations and supported their motion, plaintiffs became obligated to present specific facts to demonstrate that the statute of limitations had not run. Guam R.Civ.P. 56(e) provides in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Segundo Unpingco's affidavit represented the plaintiffs' only attempt to present such specific facts, and it failed to fulfill its purpose. The affidavit merely reasserts the circumstances allegedly constituting the fraud; it does not set forth any facts showing that there is a genuine issue for trial of whether the statute of limitations has run. Nothing in the affidavit explains what knowledge Segundo Unpingco suddenly discovered in 1988 that was not available to him long before. Moreover, as the Appellate Division pointed out, the affidavit is internally inconsistent. On the one hand, Segundo maintains that he was not put on notice of any facts indicating a fraudulent conspiracy between Bordallo and Torres until 1988. On the other hand, he explains that "[d]ue to the fact that I was residing in California from 1957 to the present, I have been unable to litigate this case until very recently due to the distance and time involved and also due to the resources available." Affidavit of Segundo A. Unpingco, Plaintiffs' Opposition to Summary Judgment at 12.

Plaintiffs have failed to present specific facts establishing the existence of a genuine issue for trial that would contradict defendants' evidence that the statute of limitations has run on this action. *See Townsend v. Columbia Operations*, 667 F.2d 844, 850 (9th Cir.1982) (affidavit generally averring that plaintiff did not become aware of fraud until one year before action was commenced found insufficient to raise genuine issue of material fact as to when statute of limitations began to run). The Superior Court of Guam correctly concluded as a matter of law that the statute of limitations bars plaintiffs' action. Accordingly, defendants were entitled to summary judgment pursuant to Guam R.Civ.P. 56.

The Appellate Division of the United States District Court for the Territory of Guam is AFFIRMED.