951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harry C. BARR; John H. Livens; Arthur O. Wellman, Jr.;
Leonard C. Green; Jackson W. Goss; Joan S.
Batchelder; Sumner Abramson;
Maximilian Alter; Malcolm
Pirnie, III,
Plaintiffs-
Appellants,
v.
PRUDENTIAL-BACHE SECURITIES, INC., a Delaware Corporation;
Laventhol & Horwath, a Partnership; Peter A.
Sprecher, Defendants-Appellees.
 No. 90-56349.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1991.
Decided Dec. 12, 1991.
 
 Before SNEED, BEEZER AND TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Harry Barr, Maximilian Alter, Joan Batchelder, Malcolm Pirnie III, Sumner Abramson, Jackson Goss, John Livens, Leonard Green, and Arthur Wellman, Jr. (collectively referred to as "Appellants") appeal the district court's grant of summary judgment in favor of Prudential-Bache Securities, Inc. The action against Prudential-Bache, the broker for a private placement of common stock of Budget Furniture Rentals, Inc. ("Budget"), alleged a violation of Section 10(b) of the Securities and Exchange Act of 1934 and common law negligent misrepresentation. The district court granted summary judgment holding that the statute of limitations had run on the claims. Reviewing de novo the district court's grant of summary judgment, Felton v. Unisource Corp., 940 F.2d 503, 508 (9th Cir.1991), we affirm.
 
 
 3
 * The district court applied Cal.Code Civ.Proc. § 338(d) (West Supp.1991)--the statute of limitations for general fraud claims--to both the Section 10(b) and negligent misrepresentation claims, as dictated by controlling case law. See Reeves v. Teuscher, 881 F.2d 1495, 1500 (9th Cir.1989); Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1411-12 (9th Cir.1987). The Supreme Court's decision in Lampf v. Gilbertson, --- U.S. ----, 111 S.Ct. 2773 (1991), enunciated a retroactive uniform federal limitations period applicable to private causes of action brought pursuant to Section 10(b). Lampf, 111 S.Ct. at 2782. The Appellants conceded at oral argument that the Section 10(b) claim is barred by the statute of limitations. Therefore, the only claim remaining is negligent misrepresentation.
 
 II
 
 4
 * Because negligent misrepresentation is a form of fraud, Cal.Code Civ.Proc. § 338(d) is applicable and provides a three year limitation period. See Unpingco v. Hong Kong Macau Corp., 935 F.2d 1043, 1045 (9th Cir.1991); Admiralty Fund v. Hugh Johnson & Co., 677 F.2d 1301, 1308-09 (9th Cir.1982). The statutory period begins to run when the "plaintiff discovers he has a cause of action or, through the use of reasonable diligence, should have discovered it." Unpingco, 935 F.2d at 1045 (citation omitted). The three years has also been deemed to begin running when the "plaintiff discovers the facts constituting the violation...." Kramas v. Security Gas & Oil, Inc., 672 F.2d 766, 770 (9th Cir.1982), cert. denied, 459 U.S. 1035 (1982). "Whether a plaintiff knew or should have known of a cause of action presents a question of fact for the trier of fact." Reeves, 881 F.2d at 1501.
 
 
 5
 The Appellants became aware of sufficient facts to indicate they had a cause of action no later than June 17, 1986. Footnote 13 of Budget's 1985 financial statement unequivocally indicated that Budget experienced a $2.3 million loss in 1984. The year-end 1984 financial statements, incorporated into the prospectus prepared in connection with the Budget stock offering, showed a net profit of approximately $2.3 million. This blatant discrepancy should have alerted the Appellants to the misrepresentation.
 
 
 6
 Upon Appellants' receipt of the June 9, 1986 letter from Budget stating that it had defaulted on a $1 million interest payment, the true financial condition of Budget should have been further suspect. In addition, the June 17, 1986 letter from Prudential-Bache to Budget investors indicating that Budget could not explain Footnote 13 of the financial statement should have made Appellants fully aware of the misrepresentation and potential cause of action. This action was not commenced until June 30, 1989, and was therefore untimely.
 
 B
 
 7
 The Appellants argue that the statute of limitations was tolled by Prudential-Bache's fraudulent concealment. This argument is without merit. No affirmative conduct by Prudential-Bache was shown. See Conmar Corp. v. Mitsui & Co. (U.S.A.), Inc., 858 F.2d 499, 505 (9th Cir.1988). Further, there is no concealment subsequent to the Appellants' receipt of the 1985 financial statements. See Stitt v. Williams, 919 F.2d 516, 523 (9th Cir.1990) (no concealment after receipt of copies of a partnership agreement).
 
 
 8
 Reliance on Prudential-Bache to investigate the apparent discrepancy was unreasonable. Id.; Volk, 816 F.2d at 1416; Pocahontas Supreme Coal Co. v. Bethlehem Steel, 828 F.2d 211, 218 (4th Cir.1987). The Appellants failed to use reasonable diligence to pursue a cause of action after becoming aware of the true nature of Budget's financial condition in 1984. For these reasons, tolling is inapplicable to this case.
 
 III
 
 9
 The district court's factual finding that the Appellants knew or should have known of the cause of action is not clearly erroneous. See Fed.R.Civ.P. 52(a). We are convinced that "uncontroverted evidence irrefutably demonstrates [Appellants] discovered or should have discovered the fraudulent conduct," therefore summary judgment was appropriate. Meadows v. Bicrodyne Corp., 785 F.2d 670, 672 (9th Cir.1986) (internal quotation omitted).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3