952 F.2d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Romeo Alegato LAZO and Jane Strachan-Lazo, aka/dba
Jane Strachan-Lazo, M.D., Debtors.
Romeo Alegato LAZO, Plaintiff-Appellant,
v.
BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, et
al., Defendants-Appellees.
 No. 90-56128.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1991.*
Decided Dec. 17, 1991.
 
 Before JAMES R. BROWNING, ALARCON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Romeo A. Lazo and Jane Strachan-Lazo (the Lazos) appeal from the district court's affirmance of the bankruptcy court's dismissal of the Lazos' complaint. The Lazos filed a Chapter 11 petition on March 5, 1982. The petition was converted into a Chapter 7 bankruptcy on June 13, 1983. The Lazos later filed the complaint in this appeal in bankruptcy court against the appellees on August 8, 1988. They sued the appellees under various legal theories. In addition, the Lazos requested declaratory relief. The Lazos' claims arise out of acts allegedly committed by the appellees between 1981 and 1983.
 
 
 3
 The bankruptcy court dismissed the action based on the Lazos' complaint. The bankruptcy court determined that the Lazos had no standing to prosecute their claims. It also concluded that the Lazos failed to state a claim in each of the separate causes of action and that such claims were barred by the applicable statute of limitations. The court awarded sanctions against the Lazos.
 
 
 4
 The Lazos appealed from the judgment of dismissal and the award of sanctions to the district court. The district court affirmed. The district court denied the appellees' request for additional sanctions. The Lazos now appeal from the district court's judgment.
 
 I.
 
 5
 The appellees argue that the Lazos have no standing to pursue their claims because the claims became "property of the estate" when Chapter 7 proceedings commenced. The Lazos fail to address this issue in their briefs. The "property of the estate" includes any legal or equitable interest belonging to the debtor as of the filing of the bankruptcy petition. See 11 U.S.C. § 541. Pursuant to 11 U.S.C. §§ 323(a) and 704, the trustee, as the representative of the estate, has the exclusive capacity to sue and be sued on behalf of the estate. All causes of action that the Lazos had as of June 13, 1983, whether filed or unfiled, became property of the Chapter 7 estate. These claims could be prosecuted only by the trustee of the estate. Donovan & Schuenke v. Sampsell, 226 F.2d 804, 809-10 (9th Cir.), cert. denied, 350 U.S. 895 (1955) (quoting Pepper v. Litton, 308 U.S. 295, 307 (1939)).
 
 II.
 
 6
 The Lazos, however, have standing to sue the trustee of their estate in bankruptcy court. Appellees cite Leonard v. Vrooman, 383 F.2d 556, 560 (9th Cir.1967), cert. denied, 390 U.S. 925 (1968), for the proposition that plaintiffs are required to obtain leave from the bankruptcy court in order to sue trustees. Vrooman stands for the "well settled" principle that "[c]ourts other than the appointing court have no jurisdiction to entertain suits against the trustee, without leave from the appointing court, for acts done in an official capacity and within his authority as an officer of the court." In re Jacksen, 105 B.R. 542, 545 (Bankr. 9th Cir.1989). Debtors, however, do not need to obtain leave from the bankruptcy court in order to sue in the bankruptcy court itself. In re Reich, 54 B.R. 995, 997 (Bankr.E.D.Mich.1985) (prior authority of bankruptcy court is not necessary before party may institute suit against Chapter 7 trustee).
 
 
 7
 Although the Lazos have standing, the bankruptcy court correctly concluded that the Lazos failed to state their claims against the trustee with sufficient specificity. The Lazos' only specific factual allegations against the trustee are that he failed to examine proofs of claims and improperly disposed of certain property. The record, however, shows that the trustee examined at least five proofs of claims and that he disposed of the property at issue pursuant to a court order. The bankruptcy court erred, however, in failing to give the Lazos an opportunity to amend their complaint. Where a pro se litigant has failed to state a claim, the district court must notify the litigant of the deficiencies and give the litigant an opportunity to correct them unless it is absolutely clear that the deficiencies of the complaint could not be solved by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 8
 The bankruptcy court also concluded that the Lazos' claims against the trustee are barred by the applicable statute of limitations. The Lazos argue that the statute of limitations does not begin to run against a fiduciary until the fiduciary's relationship with the beneficiary is repudiated. We have held, however, that the statute of limitations begins to run from the time the beneficiary has notice or constructive notice of the fiduciary's alleged wrongful acts. Potlatch Oil & Refining Co. v. Ohio Oil Co., 199 F.2d 766, 770 (9th Cir.1952), cert. denied, 345 U.S. 926 (1953); cf. Unpingco v. Hong Kong Macau Corp., 935 F.2d 1043, 1045 (9th Cir.1991) (statute of limitations begins to run when plaintiff discovers he has a cause of action, although where fiduciary relationship exists, same degree of diligence to discover facts is not required). The Lazos' contention that the complaint they filed in the bankruptcy court alleging claims against the trustee was an "amended complaint" or a "counterclaim" relating to the 1982 state court action brought by Appellee Bank of America is not relevant to the question whether the Lazos' claims are barred by the statute of limitations. The Lazos allege that their claims against the trustee arose out of acts occurring between 1982, when the Lazos filed bankruptcy, and 1983, when their bankruptcy proceedings were completed. Thus, they had notice of the alleged wrongs by at least 1983. The relevant statute of limitations for these various claims range from one to four years. Cal.Civ.Proc.Code §§ 335 et seq. The Lazos filed their complaint on August 8, 1988. The statute of limitations expired on each claim prior to December 31, 1987.
 
 III.
 
 9
 The appellees argue that the Lazos fail to show that an actual controversy exists relating to the legal rights and duties of the respective parties that warrants declaratory relief. We agree. The Lazos' claims involve past controversies as to which they lack standing or which are time-barred. The Lazos have stated no basis for declaratory relief.
 
 IV.
 
 10
 The Lazos contend that the sanctions levied by the bankruptcy court are inappropriate. We review the imposition of sanctions under Bankruptcy Rule 9011 for abuse of discretion. In re Chisum, 847 F.2d 597, 599 (9th Cir.), cert. denied, 488 U.S. 892 (1988) (looking to case law interpreting Federal Rule of Civil Procedure 11 for guidance in reviewing sanctions under Bankruptcy Rule 9011); Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2460-61 (1990) (applying abuse of discretion standard in reviewing all aspects of an imposition of sanctions under Rule 11). The record demonstrates that the sanctions were justified based on the filing of frivolous claims. The record shows that the Lazos made no reasonable attempt to investigate their claims or the law. In re Grantham Bros., 922 F.2d 1438, 1442 (9th Cir.1991) (claim is frivolous under Rule 11 if it is baseless and made without a reasonable and competent inquiry), cert. denied sub nom., Needler v. Valley Nat'l Bank of Arizona, No. 90-7740, 1991 WL 61937 (Oct. 7, 1991).
 
 V.
 
 11
 The appellees argue that the Lazos acted in bad faith in filing this appeal and should be punished by additional sanctions pursuant to Federal Rule of Appellate Procedure 38. We decline the request of the appellees to impose additional sanctions. We agree with the district court that the sanctions imposed by the bankruptcy court are sufficient to punish the Lazos for prosecuting their claims against the appellees. The district court's order affirming the judgment of the bankruptcy court is AFFIRMED. The appellees' request for sanctions pursuant to Federal Rule of Appellate Procedure 38 is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3