Commonwealth of the NORTHERN
MARIANA ISLANDS, Plaintiff–
Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 99–17501.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2001.

Filed Feb. 7, 2002.

Commonwealth "owns the submerged lands underlying the internal waters, archipelagic waters, and territorial waters adjacent to the Northern Mariana Islands."

L. David Sosebee, Deputy Attorney General, Civil Division–Capitol Hill, Saipan, MP; Daniel H. MacMeekin, MacMeekin & Woodworth, Washington, DC, for the plaintiff-appellant.

Jeffrey C. Dobbins, U.S. Department of Justice, Washington, DC, for the defendant-appellee.

Before: B. FLETCHER, CANBY and PAEZ, Circuit Judges.

## OPINION

CANBY, Circuit Judge.

The question in this case is whether the Commonwealth of the Northern Mariana Islands ("CNMI") is to be treated as a State for purposes of the Quiet Title Act, 28 U.S.C. § 2409a. One effect of such treatment would be to exempt CNMI from the Act's twelve-year statute of limitations. The district court determined that CNMI was not to be treated as a State. The Commonwealth now appeals this decision. We conclude that, although the CNMI is not a "State" under the Quiet Title Act, the Covenant to Establish a Commonwealth of the Northern Mariana Islands, 48 U.S.C. § 1801 and notes following, requires that we treat the CNMI *as if it were* a State for the purposes of the Quiet Title Act. Accordingly, we reverse.

**Factual Background**

In 1997 and 1999, the CNMI filed two different, but largely identical, complaints under the Quiet Title Act, 28 U.S.C. § 2409a. The complaints alleged that the

In the 1997 action, the Commonwealth filed suit without complying with subsection (m) of the Quiet Title Act, a notice provision that is imposed upon the States when they bring quiet title actions against the United States. In contrast, when it filed its 1999 action, the Commonwealth *did* comply with subsection (m) of the Quiet Title Act. The CNMI's inconsistent approach to subsection (m) in the different actions appears to have resulted from its uncertainty as to whether it was to be treated as a "State" for the purposes of the Quiet Title Act. Only if it was to be treated as a State was it required to comply with subsection (m).

In both actions, the United States disputed the Commonwealth's claims and counterclaimed, seeking judgment in its favor and a declaration that it owns the submerged lands and all rights in the zone surrounding the Northern Mariana Islands.

The Commonwealth moved to consolidate the two actions, but the United States opposed the motion. The United States argued that the Commonwealth was not a "State" for purposes of the Quiet Title Act, and that, as a result, the second complaint should be dismissed.

The district court issued an opinion agreeing with the United States. The court held that the Commonwealth was not a "State" for purposes of the Quiet Title Act. The district court accordingly permitted the 1997 action (in which CNMI had not complied with the Quiet Title Act's notice provision) to go forward, and dismissed the 1999 action as redundant. The motion to consolidate was denied. The CNMI appeals the dismissal of the 1999

action. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

**Discussion**

■ The Quiet Title Act is the "exclusive means by which adverse claimants [can] challenge the United States' title to real property."[1] *Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1191 (9th Cir.1999) (citations and internal quotation marks omitted) (alteration in original). Prior to 1986, the Quiet Title Act made no distinction between plaintiffs who were States and plaintiffs who were not. All plaintiffs, States or not, were required to sue within twelve years of the time that their cause of action against the United States accrued. *See Block v. North Dakota*, 461 U.S. 273, 277, 287–90, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983). This condition of equality changed, however, when Congress amended the Quiet Title Act in 1986 to exempt "States—but not other parties"—from the Quiet Title Act's twelve-year statute of limitations, and to require States to give advance notice before suing. Pub.L. No. 99–598, 100 Stat. 3351 (1986), *codified at* 28 U.S.C. § 2409a(g), (m). The result was that, for statute of limitations purposes, it suddenly mattered whether a plaintiff was a State. Here, it is precisely because of the advantage of being a State under the Quiet Title Act that the CNMI is seeking a determination that it be treated as a "State" for purposes of the Quiet Title Act.

Were the only relevant statute here the Quiet Title Act itself, we would have to agree with the district court that the CNMI could be not be treated as a "State" for purposes of the Quiet Title Act's twelve-year statute of limitations. Such a conclusion would be virtually compelled by the rule that we must interpret statutory terms by their plain meaning in the absence of strong evidence that Congress intended a different meaning. *See Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 548, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987). Under the plain meaning of "State," as it appears in the Quiet Title Act, the CNMI clearly would not qualify. *See Fleming v. Dept. of Pub. Safety*, 837 F.2d 401, 406 & n. 6 (9th Cir.1988) (noting that, although the CNMI possesses certain attributes of statehood, it is not a State), *overruling on other grounds recognized by DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir.1992).

■ The twist on this case, however, is that the Quiet Title Act is not the only congressional directive at issue. The Covenant to Establish a Commonwealth of the Northern Mariana Islands was approved by Congress on March 24, 1976. 48 U.S.C. § 1801.[2] It established the process by which the Northern Mariana Islands placed themselves under the sovereignty of the United States as a Commonwealth. The Covenant delineates the political relationship between the CNMI and the United States. *Smith v. Pangilinan*, 651 F.2d 1320, 1321 (9th Cir.1981). Section 502(a)(2) of this Covenant requires us to treat the CNMI as if it were a State for the purposes of the Quiet Title Act. Section 502(a)(2) provides:

> The following laws of the United States in existence on [January 9, 1978] *and subsequent amendments to such laws* will apply to the Northern Mariana Is-

---

1. The Quiet Title Act provides in relevant part: "The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." 28 U.S.C. § 2409a(a).

2. The text of the Covenant may be found in the notes following 18 U.S.C. § 1801. It is contained in Pub.L. 94–241, § 1, 90 Stat. 263 (1976), as amended, Pub.L. 98–213, § 9, 97 Stat. 1461 (1983); Pub.L. 104–208, Div. A, Tit. I, § 101(d), 110 Stat. 3009–196 (1996).

lands, except as otherwise provided in this Covenant: ...

(2) those laws not described in paragraph (1) which are applicable to Guam and which are of general application to the several States *as they are applicable to the several States.*

Covenant § 502(a)(2), notes following 48 U.S.C. § 1801 (emphasis added).[3] Because the Quiet Title Act was in existence on January 9, 1978, and because the Quiet Title Act is applicable to Guam [4] and to the States generally, the Quiet Title Act and its amendments are applicable to the CNMI "as they are applicable to the several States," under the terms of section 502(a)(2). When the Quiet Title Act and its amendments are applied to the CNMI "as they are applicable to the several States," the CNMI becomes exempt from the Quiet Title Act's twelve-year statute of limitations because the States are so exempted. *See Fleming,* 837 F.2d at 406 (holding that when section 502(a)(2) governs, it requires not only that the law being applied through section 502(a)(2) be effective in the CNMI as it is in the States, but also that the CNMI be treated *as if it were a State* for purposes of that law); *DeNieva,* 966 F.2d at 483 (same).

The United States offers several arguments why the CNMI cannot be treated as if it were a State for purposes of the Quiet Title Act's statute of limitations. We are not persuaded by these contentions. The United States' first argument is that the Quiet Title Act's 1986 *amendments* exempting the States from the Quiet Title Act's statute of limitations are not applicable to the CNMI by way of section 502(a)(2). The basis for this contention is that, for a law to be applicable to the CNMI by way of section 502(a)(2), that law must be "applicable to Guam." Covenant § 502(a)(2). Because the 1986 Quiet Title Act amendments are not "applicable to Guam," the United States argues, the amendments are not applicable to the CNMI as they are "applicable to the ... States," and thus the CNMI cannot be exempt from the Quiet Title Act's statute of limitations.

We reject this contention because we conclude that the Quiet Title Act's amendments *are* "applicable to Guam." The basis for the United States' contention that the Quiet Title Act's 1986 amendments are not "applicable to Guam" is that these amendments did not exempt Guam from the Quiet Title Act's twelve-year statute of limitations, as they did the "States." Contrary to what the United States contends, however, this fact does not mean that the Quiet Title Act's amendments are not "applicable to Guam" within the meaning of Covenant § 502(a)(2). The Covenant's framers considered the term "applicable to Guam" to mean not only "applicable with respect to" Guam, but also to mean "applicable within" Guam. *See* S.Rep. No. 94–433, at 77 (1975). Because the 1986 amendments became part of the Quiet Title Act, which itself is "applicable within" Guam, the Quiet Title Act's amendments are also "applicable within" Guam. That is, the amendments, regardless of their treatment of Guam, are law within Guam. Thus, these amendments *are* "applicable to Guam," even though the amendments

**3.** The purpose of section 502(a)(2) was to "provide a workable body of law" when the new Mariana Islands government became operative in 1978. S.Rep. No. 94–433, at 76 (1975).

**4.** This fact is apparent in *Guam v. United States,* 744 F.2d 699, 701 (9th Cir.1984), where this court held that Guam was barred from bringing a suit against the United States by the Quiet Title Act's statute of limitations. The implication of this holding was that, had the twelve year statute of limitations not run, Guam would have been able to bring suit under the Quiet Title Act against the United States.

themselves did not exempt Guam from the Quiet Title Act's twelve-year statute of limitations. As a result, the Quiet Title Act's 1986 amendments exempting the States from the Quiet Title Act's statute of limitations *are* applicable to the CNMI by way of section 502(a)(2), and they must be applied as they are applied to the States.

The United States next contends that treating the CNMI as if it were a State for the purposes of the Quiet Title Act's statute of limitations would undermine congressional intent. Because Congress provided that "States"—and only States— were exempt from the Quiet Title Act's statute of limitations in the 1986 amendments, the United States contends, Congress was indicating its specific intent not to extend the exemption to the CNMI. Therefore, the United States contends, providing the CNMI with such an exemption through section 502(a)(2) would contravene congressional intent.

We reject this contention. Although the Quiet Title Act and section 502(a)(2) of the Covenant are arguably in tension with one another, they can be read as being consistent. Indeed, one can acknowledge that the CNMI is not a "State" as that term is used in the Quiet Title Act, and simultaneously acknowledge that Covenant § 502(a)(2) provides that the CNMI be treated *as if it were* a State. Consequently, we must treat the CNMI as if it were a State, given our "obligation to ... construe federal statutes so that they are consistent with each other."[5] *Anderson v. United States*, 803 F.2d 1520, 1523 (9th Cir.1986) (citation omitted).

 The United States' final argument is that treating the CNMI as if it were a State would violate the rule against broadly construing waivers of sovereign immuni-

ty. *See, e.g., Alaska v. United States*, 201 F.3d 1154, 1160 (9th Cir.2000). The United States observes that because the Quiet Title Act's exemption of States from the statute of limitations further waives the United States' sovereign immunity, it must be construed narrowly. *See Block*, 461 U.S. at 287–90, 103 S.Ct. 1811. According to the United States, exempting the CNMI would enlarge the Quiet Title Act's waiver of United States' sovereign immunity beyond what Congress unequivocally specified when it exempted the States from the Quiet Title Act's statute of limitations.

 We reject this contention as well. Contrary to the United States' assertions, nothing about our interpretation here involves a broad construction of the Quiet Title Act. Indeed, we recognize that the Quiet Title Act's use of the term "State" must be construed narrowly, to mean one of the fifty States. But this strict construction of the term "State," and of the Quiet Title Act generally, does not preclude the CNMI from being treated *as if it were* a State for the purposes of the Quiet Title Act, under the terms of Covenant § 502(a)(2). To the extent that the United States argues that every provision indirectly causing a partial waiver of sovereign immunity must be strictly construed, we can only respond that we are interpreting the Covenant strictly. As our precedent indicates, the plain language of section 502(a)(2) requires us to apply the Quiet Title Act's amendments "as they are applicable to the several States," *Fleming*, 837 F.2d at 406, even when the statute being applied by way of section 502(a)(2) would not appear to apply to the CNMI by its own terms. *See Micronesian Telecomm. Corp. v. NLRB*, 820 F.2d 1097, 1100 & n. 1 (9th Cir.1987) (holding that the National

---

**5.** We would be undermining congressional intent if we were to decline to give effect to what section 502(a)(2) of the Covenant by its terms requires: that we apply the Quiet Title Act Amendments *as they are applicable to the States.*

Labor Relations Act would apply to the CNMI by way of section 502(a)(2), even if the NLRA did not apply in the CNMI by force of its own terms). Here, the application of this principle results in the exemption of the CNMI from the Quiet Title Act's twelve-year statute of limitations, because the States are so exempt.

**Conclusion**

The judgment of the district court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**