**Tami N. ANDERSON, a minor By and Through her parent and natural guardian, Linda ANDERSON, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 85–5923.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 1986.

Decided Nov. 7, 1986.

Eugene Kramer, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.

Before CANBY and REINHARDT, Circuit Judges, and COYLE,* District Judge.

COYLE, District Judge:

Tami Anderson, aged 5, was struck and injured by a United States Postal Service truck on April 1, 1983. On April 20, 1983, attorney Vernon Krol mailed a Claim for Damage, Injury or Death (SF 95) to the Postal Service. The accompanying cover letter states that the SF 95 was executed by Krol as the attorney for Tami Anderson and her parents and further states that Krol represents Max and Linda Anderson as parents and natural guardians of Tami Anderson. The SF 95 lists the claimants as Max and Linda Anderson, individually, and as parents and natural guardians of Tami Anderson. On May 18, 1983 the Postal Service informed Krol that the SF 95 was invalid because the name of the claimant should be Tami Anderson, and Tami's parents, not Krol, should sign the form. On June 8, 1983 Krol mailed the revised SF 95 which was received by the Postal Service on June 15, 1983.

On December 21, 1983, the Postal Service, in a certified letter to Krol listing Tami Anderson's name in the upper right-hand corner, denied all liability for the accident and informed Krol that his clients "Max and Linda Anderson" could "file suit against the United States in an appropriate United States District Court not later than six months from the date of this letter." Krol did not file suit until October 12, 1984, ten months after the administrative claim was denied.

The government moved to dismiss the complaint for lack of subject matter jurisdiction on the ground that the complaint

Vernon C. Krol, Torrance, Cal., for plaintiff-appellant.

* Robert E. Coyle, United States District Judge, Eastern District of California, sitting by designation.

was not filed within six months of the denial of the administrative claim. The district court granted the motion and Anderson appeals.

This court reviews *de novo* orders dismissing for lack of subject matter jurisdiction. *Clayton v. Republic Airlines, Inc.,* 716 F.2d 729, 730 (9th Cir.1983).

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675(a), requires that an administrative claim be presented to and finally denied by the appropriate federal agency before commencing suit in district court. Section 2675(a) further provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in. writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

In contending that she timely filed the complaint, Anderson argues that federal agencies are allowed pursuant to section 2675(a) only six months to act on a claim. If the agency fails to act on the claim within six months, a complaint may be filed at any time within the two-year statute of limitations set forth in section 2401(b). In support, Anderson relies on the phrase in section 2675(a) "at the option of the claimant any time thereafter." Under Anderson's interpretation, an agency's failure to act on a claim within six months of its submission strips it of all power to act on the claim. Thus, because the Postal Service denied her claim six months and one week after it was submitted, the denial was invalid and did not initiate the six-month filing period. Under her theory, her complaint was timely because she filed it within the two-year statute of limitations.

The government responds that issuance of a final denial of a claim more than six months after the claim is filed accords the claimant only six months from the date of the agency's denial to file suit in district court.

Anderson contends that the plain language "at the option of the claimant any time thereafter" vests absolute discretion in the claimant to file a complaint at any time within the two-year statute of limitations in section 2401(b). However, this interpretation conflicts with the plain meaning of Section 2401(b). The two-year period set forth in section 2401(b) pertains to the time during which an administrative claim must be filed with the appropriate agency. The six-month period in section 2401(b) governs the time during which suit must be commenced following final agency denial.

Anderson's challenge that the government's interpretation renders superfluous claimant's deemed denial option in section 2675(a) is without merit. Under the government's interpretation, a claimant has two options. Six months after the submission of the administrative claim, the claimant may either deem it denied and file suit in district court at any time prior to final agency action or the claimant may await final agency action and file suit within six months thereafter. *See Douglas v. United States,* 658 F.2d 445, 449–50 (6th Cir.1981).

Anderson claims that the government's interpretation effectively defeats Congress's purpose in enacting section 2675(a) because it will discourage the swift disposition of claims. However, Congress had two purposes in enacting section 2675(a). First, Congress sought "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." S.Rep. No. 1327, 89th Cong., 2d Sess. (S.Rep.) 2, *reprinted in* 1966 U.S.Code Cong. & Ad.News (USCCAN) 2515, 2516. Second, Congress wanted to provide for "more fair and equitable treatment of private individuals and claimants when they

deal with the Government or are involved in litigation with their Government." S.Rep. at 2, *reprinted in* 1966 USCCAN at 2515–16. Thus, while expedition of claim resolution was a factor in the enactment of section 2675(a), administrative settlement of claims was equally important. Moreover, "[i]t is our obligation to so construe federal statutes so that they are consistent with each other, as by this means congressional intent can be given its fullest expression." *Get Oil Out! Inc. v. Exxon Corporation*, 586 F.2d 726, 729 (9th Cir.1978). The government's interpretation of section 2675(a) takes into account the six month mandate of section 2401(b), whereas Anderson's interpretation does not.

 Alternatively, Tami Anderson contends that she still has a cause of action because the Postal Service's denial applied only to her parents' claim and not her own claim. She argues that two independent claims were filed, one on behalf of her parents on April 20, 1983, and the other on her own behalf on June 15, 1983. She contends that the claim rejection letter applied only to her parents' claim.

The facts do not support this contention. The letter that accompanied the April 20 claim form notes that attorney Krol executed the form as attorney for the claimant (Tami Anderson) and her mother and father. Although the letter further states that "I (Kroll) represent Max and Linda Anderson [Tami's parents] . . ." (*id.*), a letter from Krol accompanying the second claim form lists Krol's clients as "Max and Linda Anderson/Tami Anderson" and uses as a reference the case number assigned to the first claim by the Postal Service. Moreover, the sequence of events does not support the two-claim theory. The first claim submitted by Krol was rejected as invalid. Krol then submitted a subsequent claim which corrected the deficiencies noted by the Postal Service in the first claim. Thus, the second claim obviously was an effort to submit a proper claim form, not a separate claim. *Cf. Avila v. I.N.S.*, 731 F.2d 616, 620 (9th Cir.1984) (noting that section 2675 presents no barrier to amend-

ment of a claim or to the presentation of a claim by more than one claimant). Admittedly, the denial of the claim from the Postal Service refers to "your clients—Max and Linda Anderson." Tami Anderson's name, however, appears in the upper right-hand corner of that denial. Thus, the denial applied to the one claim submitted by Krol on behalf of Tami Anderson and her parents.

Accordingly, the judgment of the district court is affirmed.