**Ira L. HART, Plaintiff-Appellant,**
v.

**UNITED STATES of America, Defendant-Appellee.**

No. 86–6204.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 1987 *.

Decided May 13, 1987.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Roger E. West, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.

Before KOELSCH, POOLE and FERGUSON, Circuit Judges.

PER CURIAM:

Ira L. Hart appeals the district court's dismissal of his action under the Federal Tort Claims Act. The district court dismissed Hart's action for failure properly to serve the United States within the 120 days of filing his complaint prescribed by Fed.R. Civ.P. 4(j). The district court did not abuse its discretion in finding that Hart did not have good cause for the failure to serve, and we affirm.

I

Ira L. Hart slipped and fell while he was a patient at the Veterans' Administration Hospital in Loma Linda, California. He filed an administrative claim with the Veteran's Administration District Counsel. The claim was denied on May 31, 1985. Hart and his wife filed a complaint in the district court against the United States on December 2, 1985. The complaint charged the hospital with malpractice and maintenance of dangerous premises causing injury to Hart and loss of consortium to his wife.

The Harts failed properly to serve the government as required by Fed.R.Civ.P. 4(d)(4). The district court dismissed the Harts' action, and Mr. Hart timely appeals.[1]

II

This court reviews de novo a district court's subject-matter jurisdiction. *See*

Joseph W. Howington, Claremont, Cal., for plaintiff-appellant.

1. Mrs. Hart does not challenge the dismissal of cause of action due to her failure to file an administrative claim.

*Anderson ex rel. Anderson v. United States*, 803 F.2d 1520, 1522 (9th Cir.1986). When a party has failed to comply with the requirements of service within the requisite time period, we review the district court's dismissal for abuse of discretion. *See Wei v. State of Hawaii*, 763 F.2d 370 (9th Cir. 1985) (per curiam).

### III

■ We are obliged to raise questions of the district court's subject-matter jurisdiction sua sponte. *Continental Ins. Co. v. Cotten*, 427 F.2d 48, 51 (9th Cir.1970). Hart's administrative claim was denied on May 31, 1985. His action in the district court was not filed until December 2, 1985, apparently beyond the six-month statute of limitation for such claims. *See* 28 U.S.C. § 2401(b). Although the issue was not raised by the parties or the district court, we must address it before we may reach the issue of service.

The six-month statute of limitations expired on November 30, 1985, which fell on a Saturday. Fed.R.Civ.P. 6(a) provides, however, that in computing the time allowed under "any applicable statute," when the final day falls on a Saturday, Sunday, or legal holiday, the time period extends to the first day following those days. Thus, Hart had until December 2, 1985, to file his case, and the district court properly had jurisdiction. *See Frey v. Woodard*, 748 F.2d 173, 175 (3d Cir.1984) (holding that Rule 6(a) tolled the two-year statute of limitation for filing a complaint with the administrative agency).[2] The complaint was timely filed, and the district court had jurisdiction.

### IV

■ The district court dismissed the case because Hart failed to serve the United States within the 120–day time limit imposed by Fed.R.Civ.P. 4(j). Hart concedes that he failed in any manner to serve the Attorney General as required by Fed.R. Civ.P. 4(d)(4), and that he failed properly to serve the United States Attorney for the Central District. Hart contends that failure to serve the government was justified by good cause.

Hart's counsel attempted to serve the United States Attorney by sending a copy of the complaint without a copy of the summons. Hart's counsel never complied with Rule 4(d)(4)'s requirement that service also be completed upon the Attorney General. The United States Attorney's office went so far as to inform Hart's counsel that service was inadequate and suggested the proper method to effect service. After the passing of the 120–day period and receiving no response from Hart's counsel, the government moved the district court to dismiss the case, and the district court granted the motion.

Hart argues that his failure to serve the government is justified under the standards enunciated in *Borzeka v. Heckler*, 739 F.2d 444 (9th Cir.1984). In *Borzeka*, we held that a plaintiff's failure to comply with the technical requirements for personal service under Rule 4(d)(4) does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for a failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka*, 739 F.2d at 447. In *Borzeka*, a pro se litigant claimed to have received improper advice from the district court regarding service, and this

2. Our decision in *Hatchell v. United States*, 776 F.2d 244 (9th Cir.1985), is not to the contrary. In *Hatchell*, we found that Fed.R.Civ.P. 6(e) does not extend the time allowed for filing suit against the government under 28 U.S.C. § 2401(b). *See* 776 F.2d at 246. Rule 6(e) provides for an extension of time for acts conditioned upon service of notice when service is made by mail. Since the statute of limitations under 28 U.S.C. § 2401(b) commences running upon "the date of mailing" and is not conditioned upon the service of notice, we held that Rule 6(e) was inapplicable to 28 U.S.C. § 2401(b). 776 F.2d at 286. Rule 6(a) is not so limited, however, and applies to "any period of time prescribed or allowed ... by any applicable statute." It thus operates to allow additional time when the statute would otherwise run on a weekend or legal holiday.

third-party error served as justifiable excuse.

Hart, at a minimum, has no justifiable excuse for his failure to serve, and thus cannot justify failure to serve under *Borzeka.* Hart's counsel attempts to excuse the failure by blaming a secretary who allegedly was told to mail both the complaint and summons, although only the complaint was mailed. Hart's counsel claims that failure to serve the Attorney General also was due to secretarial misdeeds. Secretarial negligence, if it exists, is chargeable to counsel. *See Rodgers v. Watt,* 722 F.2d 456, 460 (9th Cir.1983) (en banc). Thus, these claims at best resolve to inadvertent error, which is not good cause. *Wei v. State of Hawaii,* 763 F.2d 370, 372 (9th Cir.1985) (per curiam). That Hart's claim is now time-barred does not suffice to waive the requirement of service. *See id.* The district court thus did not abuse its discretion in dismissing the case for failure to serve the government.

AFFIRMED.