959 F.2d 239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ali T. AGHA, Plaintiff-Appellant,
v.
DEPARTMENT OF the ARMY; United States Department of
Justice; Equal Employment Opportunity Commission,
Defendants-Appellees.
 No. 91-15663.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ali T. Agha appeals pro se the district court's dismissal of his complaint based on the Privacy Act, 5 U.S.C. § 522a(g)(1). The district court concluded that Agha had failed to serve the defendants personally, pursuant to Fed.R.Civ.P. 4(d). Agha contends that dismissal of his complaint for failure to comply with the technical requirements of Rule 4(d) was improper. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]
 
 
 3
 "When a party has failed to comply with the requirements of service within the requisite time period, we review the district court's dismissal for abuse of discretion." Hart v. United States, 817 F.2d 78, 80 (9th Cir.1987). Rule 4(d)(4) requires, among other things, personal service to the United States Attorney for the district in which the action is brought. Fed.R.Civ.P. 4(d)(4).
 
 
 4
 [F]ailure to comply with Rule 4(d)(5)'s personal service requirement does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.
 
 
 5
 Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir.1984). "We are generally more solicitous of the rights of pro se litigants, particularly when technical jurisdictional requirements are involved." Id. at 448 n. 2.
 
 
 6
 Here, the only question is whether there was a justifiable excuse for Agha's failure to serve the defendants properly.[2] Agha contends that he "complied with all of Rule 4(d)'s requirements except the requirement that the summons and complaint be personally served on the U.S. Attorney in San Francisco." After the district court denied Agha's motion to proceed in forma pauperis, Agha claimed he "had the documents delivered the only way he knew," by sending them through regular mail addressed to the government defendants. The United States Attorney for the Northern District of California notified Agha that he had not properly served the documents and directed Agha's attention to Rule 4(d)'s service requirements. Agha responded by letter and maintained that he had satisfied the Rule 4 requirements. Approximately three months later, the government filed its motion to dismiss Agha's complaint because of his failure to perfect service.
 
 
 7
 Agha's reason for failing to comply with the Rule 4(d) requirements after being notified by the government that service was defective does not constitute justifiable excuse. See Hart, 817 F.2d at 81.[3] Therefore, the district court did not abuse its discretion by dismissing Agha's complaint. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Agha also contends that the district court erroneously concluded that this action was related to three others filed by Agha. Because we affirm the district court's dismissal of Agha's complaint, Agha's contention is moot
 
 
 [2]
 The government concedes that it received actual notice and was not severely prejudiced by the improper service. The statute of limitations bars Agha from refiling his claim
 
 
 [3]
 Although he claimed below that a postal worker informed him that a "certificate of mailing" was equivalent to "certified mail," this does not amount to receiving inaccurate information regarding personal service. Cf. Borzeka, 739 F.2d at 447 (reliance on erroneous information from district court regarding service of process is justifiable excuse)