974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steve MOTEN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Defendant-Appellee.
 No. 91-56303.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 1, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steve Moten appeals the district court's dismissal of his action for failure to properly serve the summons and complaint within 120 days of filing his complaint. See Fed.R.Civ.P. 4(j). Moten contends that district court erred by finding that his service was ineffective because the summons did not comply with the requirements of Federal Rules of Civil Procedure 4(b). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 "When a party has failed to comply with the requirements of service within the requisite time period, we review the district court's dismissal for an abuse of discretion." Hart v. United States, 817 F.2d 78, 80 (9th Cir.1987). Rule 4(b) requires that "[t]he summons be signed by the [district court] clerk, under seal of the court...." See Fed.R.Civ.P. 4(b).
 
 
 4
 Here, Moten served the Office of the United States Attorney with a summons which was unsigned by the district court clerk and was without court seal. In response to the government's motion to dismiss for insufficient service, the district court found that service did not comply with Rule 4(b) and informed Moten that in order to effect proper service, he must serve a summons which complied with Rule 4(b) on the government within 120 days from the date the complaint was filed. Moten failed to properly re-serve the summons and complaint on the government. After the expiration of the 120-day period, the district court granted the government's motion to dismiss the action without prejudice for insufficiency of process. See Fed.R.Civ.P. 12(b)(4).
 
 
 5
 On appeal, Moten merely contends that the government received actual notice of the action and was not prejudiced by Moten's defective summons. Moten, however, was on notice both from the government and the district court that summons served was improper and needed to be re-served, but he failed to do so. Moreover, Moten's failure to serve a summons signed by the clerk of the court under court seal is not a minor deficiency. The seal and signature establish that the summons was in fact issued by the court and was not simply prepared by the plaintiff or the plaintiff's attorney without the court's knowledge or permission. See Fed.R.Civ.P. 4(b). Given these circumstances, the court did not abuse its discretion by dismissing Molten's action without prejudice for failure to properly serve the summons and complaint within 120 days of filing his complaint. See Fed.R.Civ.P. 4(j); Hart, 817 F.2d at 80; see also Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir.1985) (absent egregious circumstances, litigants are bound by the conduct of their attorneys).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3