83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dorinda HICKS, Plaintiff-Appellant,
v.
UNITED STATES POST OFFICE, Defendant-Appellee.
 No. 94-56276.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dorinda Hicks appeals the district court's dismissal of her tort action against the United States Post Office under 39 U.S.C. § 409, for failure to prosecute after she failed to properly effect service of process on the United States. She also appeals the denial of her motion to reconsider the dismissal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We may affirm the district court on any basis supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993). The district court's dismissal for failure to comply with service of process requirements under Fed.R.Civ.P. 4 is reviewed for abuse of discretion. Hart v. United States, 817 F.2d 78, 81 (9th Cir.1987).
 
 
 4
 Federal Rule of Civil Procedure 4(i) requires that a party bringing an action against the United States or its agencies, corporations or officers must effect service on the United States by delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought and by sending a copy by registered or certified mail to the Attorney General of the United States in Washington, D.C.
 
 
 5
 Moreover, Fed.R.Civ.P. 4(m) requires that service of process be effected on the defendant within 120 days after the filing of the complaint. If proper service is not accomplished within 120 days after the complaint is filed, and the party on whose behalf service was required cannot show good cause why such service was not made, the action must be dismissed. See Fed.R.Civ.P. 4(m). Dismissal is mandated, even where the dismissal eliminates the plaintiff's cause of action. See Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir.1985). Inadvertent error or ignorance of the governing rules does not constitute good cause. See Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987).
 
 
 6
 Here, appellant filed her complaint in the district court on November 2, 1993. She personally served a copy of the summons and complaint on the United States Post Office on January 14, 1994. However, she failed to serve a copy on the United States Attorney or on the United States Attorney General within 120 days of the complaint as required under Rule 4(m). The only explanation counsel for the appellant gives for his failure to serve the United States according to Rule 4(m) is his lack of familiarity with federal practice and procedure. Ignorance of the governing rules does not constitute good cause. See id. Accordingly, the district court did not err in dismissing the complaint for failure to comply with Fed.R.Civ.P. 4(m). See Hart, 817 F.2d at 81.
 
 
 7
 Furthermore, the district court's finding that counsel had failed to show excusable neglect sufficient to warrant vacating its order of dismissal was not an abuse of discretion. See Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3