Robert FADEM; Mary O. Fadem,
Plaintiffs–Appellants,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 92–56404.

United States Court of Appeals,
Ninth Circuit.

May 8, 1997.

Before: BRIGHT,** WIGGINS and T. G. NELSON, Circuit Judges.

### ORDER

In *Fadem v. United States,* 52 F.3d 202 (9th Cir.1995), we held that the statute of limitations in the Quiet Title Act, 28 U.S.C. § 2409a(g), was subject to equitable tolling. The Supreme Court granted certiorari, vacated our judgment, and remanded for "further consideration in light of *United States v. Brockamp,* 519 U.S. —— [117 S.Ct. 849, 136 L.Ed.2d 818] (1997)." *United States v. Fadem,* —— U.S. ——, 117 S.Ct. 1103, 137 L.Ed.2d 306 (1997). Having determined that *Brockamp* does not affect our analysis, we reinstate the judgment and opinion.

### DISCUSSION

*Brockamp* involved taxpayers' claims for refund under § 6511 of the Internal Revenue

---

** Hon. Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Code of 1986. The claims were untimely, and the taxpayers asked the IRS and the federal courts for equitable reasons to extend the time period. The Supreme Court noted its decision in *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), in which it said the "same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." 519 U.S. at ——, 117 S.Ct. at 851 (quoting *Irwin,* 498 U.S. at 95–96, 111 S.Ct. at 457–58). The Court described the Tax Code provision at issue in *Brockamp* as "set[ting] forth its limitations in a highly detailed technical manner, that linguistically speaking, cannot easily be read as containing implicit exceptions." *Id.* Also, as the Court noted, Section 6511 "reiterates its limitations several times in several different ways." *Id.* The Court said that reading an equitable tolling exception into Section 6511 "would require tolling, not only procedural limitations, but also substantive limitations on the amount of recovery—a kind of tolling for which we have found no direct precedent." *Id.* at ——, 117 S.Ct. at 852. The Court also noted the "serious administrative problems" which could be created by an equitable tolling exception to Section 6511. *Id.*

None of the considerations which led the Court to reject the rebuttable presumption of equitable tolling in *Brockamp* apply to this case. 28 U.S.C. § 2409a(g) is non-technical, non-substantive and comprised of two short sentences:

> Any civil action under this section ... shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States.

Equitable tolling in a quiet title action is a doctrine to be applied by the court to the relatively few quiet title action suits in which it is raised, not by an administrative agency in potentially thousands of cases. Equitable tolling in this case is well within the Court's direct *Irwin* precedent.

Having reconsidered our views of this case in light of *Brockamp,* we REINSTATE the judgment and the opinion reported at 52 F.3d 202.

IT IS SO ORDERED.