**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NATALIE BROWN, in her individual
capacity and as personal
representative of the Estate of
Anthony Brown,
<u>Plaintiff-Appellant,</u>

v.                                                              No. 96-2723

WILLIAM L. SMITH; RICHARD
LANHAM, Commissioner,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
John R. Hargrove, Senior District Judge.
(CA-96-426-HAR)

Submitted: July 15, 1997

Decided: August 5, 1997

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donald M. Temple, DONALD M. TEMPLE, P.C., Washington, D.C.,
for Appellant. J. Joseph Curran, Jr., Attorney General of Maryland,
Wendy A. Kronmiller, Assistant Attorney General, Baltimore, Mary-
land, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Natalie Brown, in her individual capacity and as personal representative of the Estate of Anthony Brown, appeals the district court's denial of her motion filed pursuant to Fed. R. Civ. P. 60(b) to reinstate her complaint filed pursuant to 42 U.S.C.§ 1983 (1994). The complaint was dismissed for failure to respond to Appellees' motion to dismiss. Finding no abuse of discretion, we affirm.

Brown filed the underlying complaint, alleging numerous civil rights violations, after her son was fatally wounded while incarcerated at the Maryland House of Correction. Following several court-approved extensions of time, Appellees moved to dismiss or, in the alternative, for summary judgment. Because Brown did not respond to Appellees' motion, the district court granted Appellees' motion and dismissed the action.

In the Rule 60(b) motion, Brown's counsel asserts that he was out of the country when his law office received Appellees' motion to dismiss and that, although he was in constant contact with his administrative assistants, the assistants failed to inform him that Appellees' motion had arrived. Brown's counsel further asserts that he was not aware of Appellees' motion until his return and that within a week of his return, he received the district court's order dismissing Brown's complaint.

On motion and upon just terms, a court may relieve a party from final judgment for mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief. See Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is extraordinary and is invoked only upon a showing of exceptional circumstances. See Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993).

2

Here, Brown's counsel argues that his assistants' error amounts to excusable neglect, warranting Rule 60(b) relief. However, "secretarial negligence" is chargeable to counsel. Hart v. United States, 817 F.2d 78, 81 (9th Cir. 1987). And, as we have previously recognized, counsel's ignorance or carelessness does not present a cognizable ground for relief under Rule 60(b). See Evans v. United Life & Accident Ins. Co., 871 F.2d 466, 472 (4th Cir. 1989). Therefore, we find that the district court's refusal to grant Brown's Rule 60(b) motion does not amount to an abuse of the court's discretion.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3