142 F.3d 444
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J.C. LANCASTER, Plaintiff-Appellant,
v.
United States of America, Defendant-Appellee,
and
SILVERADO NEVADA INC; Dale K. Baer, Defendants.
 No. 95-15490, 95-15496.
D.C. No. CV-93-00263-HDM(LRL).
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Nov. 3, 1997--San Francisco, California.
Decided April 14, 1998.
 
 1
 Appeal from the United States District Court for the District of Nevada Howard D. McKibben, District Judge, Presiding.
 
 
 2
 Before RYMER and KLEINFELD, Circuit Judges, WILSON**, District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 We deny the Lancaster request to take judicial notice. Exercising our discretion, see United States v. Esquivel, 88 F.3d 722 (9th Cir.1996), to take notice would further complicate an already complex case, without sufficient opportunity for the district court and the parties to address the new material. The new material is not essential to a just result and would not alter the result.
 
 
 5
 We reject the government's argument that the action is barred by the statute of limitations. The government waived limitations by failing to plead it. Fed.R.Civ.P. 8(c). The government contends that its failure to plead the defense could not waive it, because the statute is jurisdictional, but we held to the contrary in Fadem v. United States, 52 F.3d 202, 205-06 (9th Cir.1995), cert. granted and judgment vacated, --- U.S. ----, 117 S.Ct. 1103, 137 L.Ed.2d 306 (1997), opinion reinstated, 113 F.3d 167 (9th Cir.1997).
 
 
 6
 We agree with Silverado and Baer that the district court erred in finding issue preclusion on account of the Nevada Supreme Court decision. It was not final, and the parties had no incentive to litigate a position contrary to the one urged by the United States. See Luben Industries, Inc. v. United States, 707 F.2d 1037, 1039-40 (9th Cir.1983). But we reach the same conclusion as the district court did, without issue preclusion, so the error was harmless. See Prymer v. Ogden, 29 F.3d 1208, 1214 (7th Cir.1994); Overseas Motors, Inc. v. Impo Motors Limited, Inc., 519 F.2d 119 (6th Cir.1975).
 
 
 7
 We are divided on whether the 1955 quitclaim deed is unambiguous. We need not resolve the issue, because we come to the same conclusion either way.
 
 
 8
 If the deed is unambiguous, then we cannot go outside the four corners of the deed to determine what was conveyed. The operative language at the bottom of page 1 of the deed conveys the government's interest in "the following described premises ... consisting of ... located claims." The preceding "whereas" clauses speak of claims, not the underlying fee. The real estate is described as claims, not by metes and bounds or other language denoting the fee. All that the operative language conveys is what it describes as the claims, and not the fee simple absolute. That the conveyance of the patented claims conveyed the fee does not imply that conveyance of the located but unpatented claims conveyed the fee; the word "patented" rather than the word "claims" is decisive. The word "all" with reference to the located claims does not imply conveyance of the fee; if A conveys to B "all" of a merely possessory interest, the word "all" gives B nothing beyond the possessory interest, and merely assures B that A retains none of the possessory interest conveyed.
 
 
 9
 Silverado presents a strong argument that the "together with" paragraph at the end of the deed creates an ambiguity. The clause says that the conveyance is "together with ... the reversion ... remainder ...." This clause arguably creates an ambiguity, because the reversion or remainder, when the government owns the fee and the claimant owns the possessory interest, is the fee. Perhaps the clause does not create an ambiguity, because the modifying phrase, "in or to the foregoing described premises," limits the "together with" provision to the claims themselves and not the fee. But that is not so clear, because the reversion or remainder pertaining to the mining claims is arguably the fee itself.
 
 
 10
 If the 1955 deed is not ambiguous, then it conveyed only the claims, not the fee. If the 1955 deed is ambiguous, then the district court's findings of fact, which were not clearly erroneous, establish that the intent of the parties was to convey only the claims, not the fee. We assume without deciding that appellants are correct, that the deed was made with adequate authority to convey the government's entire interest in the fee. That obviates the need to resolve the disputed points relating to the complex and changing statutory framework.
 
 
 11
 The district court was within its discretion in limiting the McCarthy testimony. Even if the Gabbs settlement did reflect a different position with respect to a substantially identical deed of other property, that would not show that the government was right in the position it took in Gabbs and wrong in the position it took in the case at bar. The government could be wrong there, right here, or the settlement in Gabbs could reflect other considerations. Also, as the district court concluded, the unavailability of important cross examination limited the fairness and utility of the McCarthy testimony.
 
 
 12
 Finding of Fact 19 said that the purchasers of the mining claims acted as though they thought all the government had conveyed were located claims, not the fee, because they did their annual assessment work:
 
 
 13
 The purchasers of the unpatented mining claims also recognized that fee title remained with the United States as evidenced by its performance of assessment work on the claims until such time as they were sold in 1961.
 
 
 14
 Similarly, Conclusion of Law 12 explains that:
 
 
 15
 Manganese filed notices of intent to hold and perform assessment work on the unpatented mining claims from 1950 through 1960. Had it believed it was the owner of the fee, it would have had no reason to continue to perform the assessment work and record the proofs of labor.
 
 
 16
 Both of those statements are supported by the record and are not clearly erroneous. One can imagine a conclusion to the contrary, that it would be cheaper to perform the assessment work than to litigate the fee, but the district court was entitled to try the case and reach its own conclusions.
 
 
 17
 The district court found that the government also acted, after the 1955 deed, as though it owned the fee. The findings note particulars:
 
 
 18
 RFC and War Assets Administration ("WAA") recorded notices of intent to hold and required assessment work on such claims in continued recognition of its superior title to the unpatented mining claims.... After execution of the 1955 deed, many acts of BLM clearly showed its continued treatment of the land as public domain. In 1957, BLM issued oil and gas leases for lands encompassed by parts of the unpatented mining claims. In 1964, BLM exercised its interest in that area by withdrawing and subsequently revoking certain portions of public domain covered by the unpatented mining claims.
 
 
 19
 * * *
 
 
 20
 In 1954, BLM granted rights of way across portions of the land encompassed by the unpatented mining claims for a high voltage transmission line and pipeline. In 1957, BLM issued oil and gas leases for lands encompassed by parts of the unpatented mining claims. In 1964, BLM exercised its interest in that area by withdrawing and subsequently revoking certain portions of public domain covered by the unpatented mining claims.
 
 
 21
 Finding of Fact 19; Conclusion of Law 20. Those findings are supported by the record and are not clearly erroneous.
 
 
 22
 Accordingly, even if the deed is read as ambiguous, so that the court could go outside its four corners to consider the intentions of the parties, the district court's findings that the intentions of the parties on both sides were to convey only the located claims and not the fee were amply supported, and not clearly erroneous.
 
 
 23
 AFFIRMED.
 
 
 
 **
 The Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3