Weston **CLARK** and Patricia Clark, on behalf of themselves and all others similarly situated, Plaintiff,

v.

**BONDED ADJUSTMENT COMPANY, INC., Dennis Dillin and Jane Doe Dillin, husband and wife, Defendant.**

No. 00CV394.

United States District Court, E.D. Washington.

Dec. 3, 2001.

Michael D. Kinkley, Spokane, WA, for Plaintiff.

Jeffrey I. Hasson, Portland, OR, for Defendant.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

VAN SICKLE, Chief Judge.

**BEFORE THE COURT** is the defendant's motion for summary judgment. Michael Kinkley represents the plaintiffs. Jeffrey Hasson represents the defendants.

### SUMMARY

Plaintiff claims that defendants Bonded Adjustment Company ("Bonded") and Bonded manager Dennis Dillin violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and Washington state law when Bonded attempted to collect an inflated process-service fee as part of a debt. The issues presented on this motion are whether the plaintiffs filed their federal claim within

the statutory time period, and whether there are genuinely disputed facts that would support a claim under the FDCPA. The Court determines that Fed.R.Civ.P. 6(a), which excludes the date of violation from the computation of time, applies to the one-year jurisdictional time limitation in the FDCPA, and therefore finds that plaintiffs filed this action within FDCPA's statute of limitations. The Court further finds that there are genuine disputes about facts material to the plaintiff's allegations, and so denies Bonded's motion for summary judgment.

## BACKGROUND

Bonded is a debt collection agency. Dennis Dillin is Bonded's operations manager, and also a process server employed by Bonded. Bonded was retained to collect a debt of approximately $400 owed by plaintiff Weston Clark. In June, 1999 Bonded filed suit in Washington Superior Court, requesting the amount owed plus an estimated service fee. On July 3, 1999 Dillon personally served the Clarks with the complaint.

The matter went to trial on October 21, 1999. At the trial, Bonded asserted that the service fee that should be added to the debt owed was $31.25, $22.25 for service on Weston Clark and $9.00 for "substitute" service on his wife. However, Dillon testified that he was paid only $13.75 for serving the Clarks. The court entered judgment for the debt owed plus $13.75 for the actual service fees.

The plaintiffs filed this action on October 23, 2000. The Clarks allege, *inter alia*, that Bonded's attempt to collect a service fee greater than the amount that was actually paid to Dillon for service of the complaint violates the FDCPA's prohibition on falsely representing the amount of a debt. 15 U.S.C. § 1692e(2)(A). The Clarks also alleged violations of the Washington Collection Agency Act, RCW 19.16.250 *et. seq.* The Clarks allege that

when Bonded submits claims for payment to debtors, it routinely inflates the amount that it expended on fees and mileage related to service of process. The Clarks allege that Bonded pockets the difference between what it collects for service fees and what it pays its process servers, and that the servers pocket the difference between what they are paid for mileage and the miles they actually travel to effect service.

Bonded filed the instant motion for summary judgment alleging that the Clarks' federal question claim was filed outside of the statute of limitations, and that there are no genuinely disputed material facts to support the Clarks' claims.

## ANALYSIS

### A. Statute of Limitations for Federal Claim

The defendants allege that the Clarks filed their claim after the statute of limitations had expired. A claim under the FDCPA must be filed "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). In this case the violation occurred, at the latest, on October 21, 1999, the date of the trial at which Bonded attempted to collect the allegedly inflated amount for service of process. The issue presented here is how to compute one year from that date.

In most situations Fed.R.Civ.P. 6(a) operates to exclude the date of any event from the computation of time going forward. Rule 6(a) provides that "[i]n computing any period of time prescribed or allowed by... any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included." In addition, Rule 6(a) provides that if the last day of any calendar period falls on a Saturday, Sunday or holiday the last day of the period is extended to the next working day. Fed. R.Civ.P. 6(a). Therefore, if Rule 6(a) ap-

plies in this situation, then one year from the date of the violation would have been Saturday, October 21, 2000, and the Clarks' action would be timely because it was filed on the following Monday, October 23, 2000.[1]

However, some courts have found that Rule 6(a) is not applicable to the FDCPA. In *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 262 (8th Cir.1992) the Eighth Circuit held that the one-year period in the FDCPA is jurisdictional, not procedural, and therefore that extension of that period by operation of Rule 6(a) is prohibited by Fed.R.Civ.P. 82, which states that the civil "rules shall not be construed to extend or limit the jurisdiction of the United States district courts." *See also Zipes v. Trans World Airlines*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (jurisdictional time limits not subject to tolling). The Eleventh Circuit has taken the opposite view. *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir.1995) ("[I]n computing the statute of limitations we will exclude the mailing date as the triggering date of the alleged FDCPA violation in accordance with Rule 6(a).").

It is unclear which view the Ninth Circuit has adopted, because in the only case to brush close to the issue in the FDCPA setting the court cited both *Mattson* and *Maloy*. *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir.1997) (citing *Mattson* and *Maloy* for the proposition, on which both courts agreed, that "the Act's statute of limitations begins to run when a harassing collection letter is mailed" not when it is received). One district court in this Circuit has adopted *Mattson*'s precise hold-

ing on this issue. *Morgovsky v. Creditors Collection Svc. of San Francisco*, 1995 WL 316970, *1–2 (N.D.Cal.1995). However, this District Court decision, like *Mattson* itself, came to this conclusion without performing significant analysis of the statutory text or legislative history.

The "majority view" is that generally Rule 6(a) should be applied to federal statutes of limitations. 4A Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil 2d*, § 1163 at 465 (2d ed.1987). Those courts that have applied Rule 6(a) to statutes of limitations have relied on the Rule's statement that it is to be used with "any applicable statute" and the Supreme Court's statement in *Union Nat'l Bank of Wichita v. Lamb*, 337 U.S. 38, 41, 69 S.Ct. 911, 93 L.Ed. 1190 (1949) that Rule 6(a) is to be liberally and leniently applied. *See* Wright & Miller, *Fed. Prac. & P.*, § 1163 at 465–67; *Beltz v. Quaker Oats Co.*, 1994 WL 163899, *2 (N.D.Ill.1994) (collecting cases).

The Court is only aware of one published decision in which the Ninth Circuit has addressed whether Rule 6(a) should be applied to a federal statute of limitations. In *Hart v. United States*, 817 F.2d 78 (9th Cir.1987), the court applied Rule 6(a) to the Federal Tort Claims Act's six-month statute of limitations without making a detailed inquiry into whether the limitations period was "jurisdictional" or "procedural." *Hart*, 817 F.2d at 80 (*citing Frey v. Woodard*, 748 F.2d 173 (3d Cir.1984)); *see also Maahs v. United States*, 840 F.2d 863, 866 (11th Cir.1988) (Rule 6(a) applies to FTCA and all other statutes exacted after civil rules adopted in 1937). The statute at issue in *Hart* reads: "A tort claim against

---

1. The year 2000 was a leap year; therefore, "one year" for purposes of the FDCPA was 366 days. *See United States v. Tawab* 984 F.2d 1533, 1534 (9th Cir.1993) ("year" means calendar year, not 365 days); *Merriweather v. Memphis*, 107 F.3d 396, 398 (6th Cir.1997)

("year" means 365 days in regular year, 366 days in leap year). 366 days from October 21, 1999, counting the following day, October 22, 1999 as day 1 per Fed.R.Civ.P. 6(a), was Saturday, October 21, 2000.

the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b); *Hart,* 817 F.2d at 80. Because *Hart* did not set out any standards for judging whether a statutory time limit is jurisdictional or procedural, the Court must turn to other cases in which the courts have been called on to determine— usually when addressing the application of equitable estoppel—whether a statutory time period is jurisdictional.[2]

■ There is a "rebuttable presumption" that statutory time limits are not jurisdictional, and therefore that equitable tolling or estoppel is available in suits against private defendants and suits against the United States. *See Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 95– 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). In *Irwin* the Court found that a Title VII provision applicable to suits against the federal government—"[w]ithin thirty days of receipt of notice of final action taken by [EEOC] an employee... may file a civil action," 42 U.S.C. § 2000e– 16(c)—was non-jurisdictional. *Irwin,* 498 U.S. at 94–95, 111 S.Ct. at 457. The Court found no indication in the "phraseology" of the limitation that Congress intended for the limit to be jurisdictional and not subject to equitable tolling. *Id.; see also Zipes v. Trans World Airlines,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132–33, 71 L.Ed.2d 234 (1982) (time limit on filing charges of discrimination against private employer with EEOC was procedural; language did not mention jurisdiction and was separate from sub-section establishing jurisdiction); *cf. United States v. Brockamp,* 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d

818 (1997) (finding detailed and technical time limit on filing tax refund claims repeated in procedural and substantive sections was not subject to equitable estoppel).

Following the Supreme Court's lead, the Ninth Circuit has taken a largely textual approach to whether a statutory time period is "jurisdictional." The key inquiry is whether the time limit is "phrased... as a period of limitation" or "speak[s] in jurisdictional terms or refer[s] in any way to the jurisdiction of the federal courts." *Calderon v. United States District Court,* 128 F.3d 1283, 1287 (9th Cir.1997) (*quoting Zipes,* 455 U.S. at 394, 102 S.Ct. 1127) (internal punctuation omitted). In *Calderon* the court found that a time period in the Antiterrorism and Effective Death Penalty Act that "reads like an everyday, run-of-the-mill statute of limitations" was subject to equitable estoppel. *Calderon,* 128 F.3d at 1288, n. 4. The court noted that the statute's time limit language—"A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody", 28 U.S.C. § 2244(d)(1)—was in a different sub-section than its jurisdictional provision, codified at 28 U.S.C. § 2241. *Calderon,* 128 F.3d at 1288 n. 4. The *Calderon* court buttressed its determination with a passing reference to the legislative history, which contained no reference to the time limit being anything other than a statute of limitations. *Id.*

Similarly, in *Cedars–Sinai Med. Ctr. v. Shalala,* 125 F.3d 765 (9th Cir.1997) the court interpreted the statute of limitations for non-tort claims against the federal government, 28 U.S.C. § 2401(a), which reads:

---

**2.** The Ninth Circuit has recently examined whether a statutory period in the bankruptcy code was substantive or procedural as part of deciding whether to apply a bankruptcy rule identical to Rule 6(a) to extend that period.

*In re Greene,* 223 F.3d 1064, 1070 (9th Cir. 2000). *Greene* is not helpful here, however, because the time period involved was not a statute of limitations, and was clearly not a procedural rule.

**Time for commencing action against United States**

(a) Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. .

28 U.S.C. § 2401(a) (emphasis in original). The court found this time limit not jurisdictional because the language "does not speak of jurisdiction, but erects only a procedural bar." *Cedars–Sinai,* 125 F.3d at 770; *see also William G. Tadlock Const. v. Dept. of Defense,* 91 F.3d 1335, 1340 (9th Cir.1996) (180 day period for employee to file administrative whistleblower complaint subject to equitable tolling); *Fadem v. United States,* 52 F.3d 202, 206 (9th Cir. 1995), *vacated,* 520 U.S. 1101, 117 S.Ct. 1103, 137 L.Ed.2d 306 (1997), *reinstated,* 113 F.3d 167, 168 (9th Cir.1997) (time limit on suits against government under Quiet Title Act not jurisdictional where clearly intended for "usual purpose, namely, to limit stale claims," 52 F.3d at 206, and "non-technical" and "non-substantive," 113 F.3d at 168); *Aloe Vera of Am., Inc. v. United States,* 128 F.Supp.2d 1235, 1242–43 (D.Ariz.2000) (after *Cedars–Sinai,* "unless the language of a statute of limitations speaks of jurisdiction, the statute is not jurisdictional.").

Here, the statutory time period for filing suit was codified in a sub-section of 15 U.S.C. § 1692k, which is entitled "Civil liability;" the sub-section, "(d)," is entitled "Jurisdiction." The text of the subsection (which is all one sentence) sets out the courts in which a claim may be filed, the required amount-in-controversy (or lack thereof), and the one-year time limit.[3] The

heading of this sub-section—"Jurisdiction"—has caused some to speculate that the time limit was intended to be jurisdictional. *See Friedman v. Anvan Corp.,* 1998 WL 559779, *2–3 (N.D.Ill.1998) (posing question but declining to resolve issue), and may be what caused the Eighth Circuit in *Mattson* to find Rule 6(a) inapplicable. *See Mattson,* 967 F.2d at 262.

■ "[T]he title of a statute and the heading of a section" are "tools available for the resolution of a doubt" about the meaning of a statute. *Almendarez–Torres v. United States,* 523 U.S. 224, 234, 118 S.Ct. 1219, 1226, 140 L.Ed.2d 350 (1998). However, when attempting to discern Congressional intent the Court cannot simply rely on the codification in the United States Code. The statute regulating the codification and legal effect of the Code, 1 U.S.C. § 204(a), provides that the Code is only "prima facie" evidence of the laws, except where a title of the Code has been enacted into positive law, in which case the Code itself is legal evidence of the law. The Supreme Court has stated that "the very meaning of 'prima facie' is that the Code cannot prevail over the Statutes at Large when the two are inconsistent. . . . If construction of a section of the United States Code which has not been enacted into positive law is necessary, recourse must be had to the original statutes themselves." *United States v. Welden,* 377 U.S. 95, 98 n. 4, 84 S.Ct. 1082, 1085 n. 4, 12 L.Ed.2d 152 (1964) (internal citations and punctuation omitted); *United States Nat'l Bank of Oregon v. Independent Ins. Agents of America, Inc.,* 508 U.S. 439, 448, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993); *see also Washington–Dulles Transp., Ltd. v.*

---

**3.** The full text of 15 U.S.C. § 1692k(d) is: "**Jurisdiction**[:] An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." (emphasis in original).

*Metropolitan Washington Airports Authority,* 263 F.3d 371, 378 (4th Cir.2001); *Time Warner Entertainment Co. v. FCC,* 56 F.3d 151, 193 n. 12 (D.C.Cir.1995) ("We follow the general rule that in the event of a conflict between the Statutes at Large and the United States Code, the language in the Statutes at Large controls.").

■ Here, Title 15, which includes the Fair Debt Collection Act, has not been enacted into positive law. *See* United States Code, v. 6, Titles 14–15, at III (1994) (listing Titles that have been enacted into positive law). Therefore, the Statutes at Large, and not the Code, are the best evidence of the intent of Congress with regard to the time limit in the FDCPA. The FDCPA as enacted and as printed in the Statutes at Large does not include as a heading to sub-section (d) the word "Jurisdiction." *See* Fair Debt Collection Practices Act, Pub.L. No. 95–109, § 813(d), 91 Stat. 874, 881 (1977). Indeed, the word "jurisdiction" appears nowhere in the Act. *Id.* Therefore, the Court disregards the "Jurisdiction" heading given to sub-section (d) in the codification when analyzing whether the time limit in the FDCPA is jurisdictional.

■ Taking the textual approach employed by the Ninth Circuit in *Calderon* and *Cedars–Sinai,* the Court determines that the time limit in the FDCPA reads like an "everyday, run-of-the-mill statute of limitations" and is not jurisdictional. *Calderon,* 128 F.3d at 1288, n. 4. While one part of sub-section (d) is clearly jurisdictional (as it confers jurisdiction on the Federal and state courts), the time limit language itself does not "speak in jurisdictional terms or refer in any way to the jurisdiction of the federal courts." *Zipes,* 455 U.S. at 394, 102 S.Ct. at 1133 (*quoted in Calderon,* 128 F.3d at 1287). It is also true that the time limit in the FDCPA is not set out in a separate sub-section from the jurisdictional sub-section as was the case in the *Calderon, Cedars–Sinai,* and *Zipes.* *See Cedars–Sinai,* 125 F.3d at 770 (interpreting 28 U.S.C. § 2401); *Calderon,* 128 F.3d at 1287 (interpreting 28 U.S.C. § 2244); *Zipes,* 455 U.S. at 394, 102 S.Ct. at 1132–33 (interpreting 42 U.S.C. § 2000e–5(e) and (f).) However, none of these cases established separation of jurisdiction and time-limiting language as a prerequisite to a finding that a time limit is merely procedural. In light of the relatively concise language of the FDCPA in general, the Court ascribes little significance to the fact that in the FDCPA Congress conferred jurisdiction and established a time-limit in the same sentence and sub-section. The text of the sub-section does not indicate that the time limit is anything other than a statute of limitations.

What little legislative history exists supports this conclusion. The one published committee report on the FDCPA summarizes sub-section (d) in this manner: "Jurisdiction for actions in conferred on U.S. district and state courts; there is a 1 year statute of limitations." S.Rep. No. 95–382, at 8 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1702.

The Court finds that the presumption that statutory time limits are not jurisdictional has not been rebutted by anything in the language or legislative history of the FDCPA. *See Irwin,* 498 U.S. at 95–96, 111 S.Ct. at 457. Therefore, the Court finds that Rule 6(a) applies to the time-limit in the FDCPA, and that the one-year period for the Clarks to file this action began to run on the day after the last alleged violation of the Act. Because the last day of that 366–day year fell on a Saturday, the Clarks were permitted to file on the following Monday, which they did. Fed.R.Civ.P. 6(a). This action was thus timely filed.

## B. FDCPA Claims

The defendants allege flatly that "there is no evidence of a violation of the FDCPA." Defs. Mem. at 3. The defendants base this assertion on six arguments, all of which save the sixth lack merit.[4]

### 1. Witness Immunity

The defendants argue that Dillin, who revealed that Bonded was attempting to collect a service fee greater than what he had actually been paid, is immune from suit based on his testimony, and that therefore all evidence that Bonded attempted to collect the higher fee is inadmissible. However, it is clear that the plaintiffs are not suing Mr. Dillin or Bonded because of anything that Dillin said at trial, and the plaintiffs have put forward evidence beyond Dillin's testimony to indicate that Bonded does indeed follow the practice alleged regarding inflation of process service fees and mileage. Witness immunity is simply not relevant to the issues put forward by the plaintiffs.

### 2. False Representation

■ The defendants also assert that they did not make a "false representation to the debtor" prohibited by the FDCPA, see 15 U.S.C. § 1692e(2)(A) because the Clarks (the debtors) were not present at the trial at which Bonded attempted to collect the inflated fee, but were represented by their attorney. The FDCPA clearly

states, however, that a communication to a debtor's attorney is a communication to the debtor. 15 U.S.C. § 1692a(2). Indeed, as pointed out by the plaintiffs, Bonded was required to communicate to the Clarks through their attorney and not to them directly. 15 U.S.C. § 1692c(a)(2). Generally accepted principals of agency and the attorney-client relationship also make clear that a communication to an attorney is the same as a communication to the client.

### 3. Res Judicata

■ The defendants further assert that res judicata bars the plaintiffs' claim. However, the plaintiffs' claims under the FDCPA bears no resemblance to the claims pursued by Bonded against the Clarks in the state court proceeding. Because there is no identity of legal issues or rights, res judicata has no application here. See Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir.1993) (res judicata requires that the same claim be involved in both actions).

### 4. Dillin as Debt Collector

■ The defendants argue that defendant Dillin cannot be sued because he is a "debt collector." Process servers are exempted from the definition of "debt collector" while performing service of process. 15 U.S.C. § 1692a(6)(D). However, the

---

**4.** The defendants also assert that they are entitled to summary judgment on claims that the plaintiffs apparently made in error in the complaint, specifically claims under the FDCPA that the defendants threatened to take non-judicial action in violation of 15 U.S.C. § 1692(f)(6) (see Pls. Complaint ¶ 8.4) and an antitrust claim. Those issues are thus moot. Another of defendants' assertions is that summary judgment should be granted on the plaintiffs' Washington Consumer Protection Act claim. The plaintiffs assert that they made no claim under the Consumer Protection Act. However, plaintiffs do claim viola-

tion of the Washington Collection Agency Act, RCW 19.16 et. seq., which the defendants refer to (although not by name) in their motion for summary judgment. It is unclear whether defendants are moving for summary judgment on this claim; however, the Court determines that if defendants did intend to address this claim, the plaintiffs have put forward genuinely disputed material facts to support the claim. Finally, defendants argue that the Clarks are not representative of a larger class. However, the issue of class certification is not before the Court at this point.

plaintiffs have clarified that they are not suing Dillin in his capacity as a process-server, but in his capacity as operations manager of Bonded, and the chief representative of Bonded at the trial to collect the debt owed. As such, Dillin is clearly a "debt collector" within the meaning of the FDCPA, because he falls within the principal definition contained in the statute: "[A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debt." 15 U.S.C. § 1692a(6).

### 5. *Unfair Practices*

 The defendants appear to argue that they cannot have violated 15 U.S.C. § 1692(f), regarding "Unfair practices," and specifically sub-section (1), barring "[t]he collection of any amount... unless such amount is expressly authorized by the agreement creating the debt or permitted by law," because they did not actually collect from the Clarks any fee for service of process beyond their actual expenses. The defendants blatantly mis-characterize § 1692(f), which prohibits the use of unfair practices, such as collection of un-authorized fees, to "collect or *attempt to collect* any debt." 15 U.S.C. § 1692f (emphasis added). The plaintiffs allege, and have shown there to be genuinely disputed facts to support, that Bonded attempted to collect an amount that was not authorized by the agreement creating the debt or permitted by law.

### 6. *Threat to Take Illegal Action*

The defendants argue that there is no evidence that they threatened to take any action "that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). The plaintiffs did not respond to this argument. The Court determines that the plaintiffs have not shown there to be any genuinely disputed material facts that would support their claim that Bonded threatened to take action that could not legally be taken.

The Court determines that there are genuinely disputed facts material to the plaintiffs' claims that Bonded violated the FDCPA except for the claimed violation of 15 U.S.C. § 1692e(5). Therefore, the Court denies the motion for summary judgment in part and grants it with regard to that claim.

**IT IS HEREBY ORDERED THAT:**

The defendants' motion for summary judgment (**Ct.Rec.27**) is **GRANTED IN PART AND DENIED IN PART.** Summary judgment is granted with regard to plaintiffs' claim under 15 U.S.C. § 1692e(5); judgment shall not be entered with regard to all other claims.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order, furnish copies to counsel, and prepare a judgment.